### Patton vs. McCane.

#### APPEAL FROM BRACKEN CIRCUIT.

1. The sale and delivery of a chattel at a fixed price, to be paid at a future day, but until paid for the title to remain with the vendor, does not vest the property in the vendee as to creditors or third persons, until the price is paid. The payment of the price is a condition precedent to the passing of the title. (2 *Pick.* 512; *Long on Sales,* 109; 3 *Camp.* 92; *Hardin,* 532.)

2. Nor does the statute against fraudulent conveyances afford protection to an innocent purchaser against such reservation of title, though not recorded; unless such purchaser, or those under whom he claims, have had five years possession.

The facts of the case are fully stated in the opinion of the court.

*T. Y. Payne and James Harlan,* for appellant—

Argued that the judgment should be reversed for several reasons.

PATTON
*vs.*
McCANE.

1. The evidence clearly shows that Patton did not in fact part with his title to the omnibus. Anderson was not to become vested with the title until he paid for it. The notes given expressly provide that "the omnibus is to remain said Patton's property until payment of this note." Anderson could not transfer to McCane a better title than he had. But if this were otherwise, the evidence shows very clearly that McCane had express notice of the character of Anderson's title before he obtained possession of the omnibus. He knew it was not paid for, and that Patton had a lien, but denied the validity of the lien, because it was not recorded.

2. The first part of the instruction given by the court is erroneous and misleading. It is predicated upon the idea that possession by Anderson under a claim of title was of itself sufficient to vest title in McCane by the act of Anderson. This is in conflict with the opinion of this court in the case of *Chism vs. Wood, Hardin,* 531.

3. The Circuit Court erred in refusing to give the first instruction moved by defendant.

June 14.

Judge STITES delivered the opinion of the Court—

Patton sold an omnibus to Bailey, received in payment some money, and took his notes for the balance, reserving in himself a right to the property until the notes were paid. Bailey, being unable to pay, agreed to restore the omnibus to Patton, provided his notes and one-half of the money advanced were given up.

A number of the citizens of Augusta, including the appellee, with a view to enable one Anderson to purchase and run an omnibus between that place and Brookville, agreed in writing to furnish him with money for that purpose, they to be stockholders in the enterprise, to the amount of their several subscriptions, until re-paid by him. Thus supported, Anderson took up Bailey's notes to Patton, executed his own in their stead, procured the necessary amount of

money to be paid Bailey, and became possessed of the omnibus. In the contract made by Anderson with Patton, it was also stipulated that the omnibus was to remain the property of Patton, until the notes of the former were paid, and this stipulation expressed in the notes.

After Anderson had thus obtained the omnibus, and had it in possession about two months, by an arrangement, made with those who had agreed to furnish him money in his enterprise, he sold the omnibus to McCane, and transferred to him the subscription paper. Anderson was retained as a driver by McCane, and after a few weeks, whilst thus employed, delivered the omnibus to Patton, who claimed it in virtue of his contract with Anderson.

McCane sued him for the property, and obtained a verdict and judgment, to reverse which Patton has prosecuted this appeal.

Upon the trial below, the foregoing facts were substantially proved, and there was a contrariety of evidence as to whether McCane had notice of the terms of Patton's contract with Anderson.

A number of instructions were moved by both parties, and all refused. The court, however, instructed the jury in substance: "That if they believed that at the time of the purchase of the omnibus by McCane from Anderson, the latter was in possession thereof, claiming it as his own, and that McCane bought and received it from him, and was in possession by himself or agent when Patton obtained it, they should find for McCane, and assess the value and damages, &c. But if they believed that McCane had notice or knowledge, when he bought from Anderson, of the terms of his contract with Patton, they should find for the defendant."

Without noticing in detail the instructions refused, not deeming it important in determining the main question presented, it seems to us that the instruction given was erroneous.

1. The sale
and delivery of
a chattel at a
fixed price, to
be paid at a fu-
ture day, but un-
til paid for the
title to remain
with the vendor,
does not vest
the property in
the vendee as to
creditors    or
third   persons,
until the price
is paid.   The
payment of the
price is a condi-
tion precedent
to the passing
of the title. (2
Pick. 512; Long
on Sales, 109;
3 Camp.   92;
Hardin, 532.)

2. Nor does
the statute a-
gainst fraudu-
lent conveyan-
ces afford pro-
tection to an in-
nocent purchas-
er against such
reservation of
title,   though
not    recorded;
unless such pur-
chaser, or those
under whom he
claims,   have
had five years
possession.

If Patton's contract with Bailey reserved to the former the right of property in the omnibus until Bailey's notes were paid, and that made with Anderson was of like import and similar in terms, then want of notice to McCane of the conditions in such contract did not affect Patton's right to the property.

The sale with delivery of a chattel, at a fixed price, to be paid at a future day, *but until paid for the title to remain in the vendor*, does not vest the property in the vendee, as to creditors or third persons.

The payment of the money is, by such contract, a condition precedent, that must be complied with before the title passes. (*Barnett vs. Prichard*, 2 *Pick.* 512; *Long on Sales*, 109; 3 *Camp.* 92; *Chism vs. Wood*, *Hardin*, 532.)

Nor does the statute against fraudulent conveyances afford protection to an innocent purchaser, against such reservations of title, though not recorded, unless such purchaser or those under whom he claims have had possession for five years, as prescribed by the statute.

The judgment is reversed, and cause remanded for a new trial in conformity with this opinion.

